FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 JUL 15 PM 1:50

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JOHN T. CAMPBELL, | ] |
| Plaintiff, | ] |
| v. | ] CV-03-BE-0913-S |
| HEALTHSOUTH CORPORATION, | ] |
| Defendant. | ] |

ENTERED
JUL 15 2003

**MEMORANDUM OPINION**

This case is before the court on defendant "HealthSouth Corporation's Motion to Dismiss Complaint of Plaintiff Campbell in No. CV-03-C-0913-S" (Doc. 22). The plaintiff John T. Campbell filed a shareholder's derivative action against HealthSouth alleging that it has failed to file a Claim for Refund for overpaid taxes on income that was never earned (Doc. 1). Because the defendant supported its Motion to Dismiss with evidentiary submissions, the court gave the plaintiff the opportunity to submit exhibits and or testimony in opposition to the motion, and conducted a hearing on June 25, 2003. The motion is now ripe for decision.

Although the court allowed submission of evidence and testimony, the court finds that none of the evidence submitted by either side justifies converting the defendant's original motion to dismiss into a motion for summary judgment. Therefore, the court declines to convert defendant's motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 12(b). For the reasons stated below, the Motion to Dismiss is due to be granted.

I.      Motion to Dismiss Standard

1

When a case comes before the court on a Motion to Dismiss, the court must view all allegations of the complaint as true, as well as all inferences that can be drawn from those facts, and must place those facts and inferences in the light most favorable to the non-moving party. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998). Although the court must accept well-pled allegations as true, the court should not accept unsupported conclusions or conclusory allegations. *See Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n.2 (1977). The court must then decide whether it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

II.  Requirements of a Derivative Action

    A.  Pleading Standards

Federal Rule of Civil Procedure 23.1 sets out the requirements for pleading a derivative action by a shareholder. At issue in this case is the requirement that the "complaint shall also allege <u>with particularity</u> the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors ..., and the reasons for the plaintiff's failure to obtain the action <u>or for not making the effort</u>." Fed. R. Civ. P. 23.1 (Emphasis added).

The defendant asserts, among other things, that plaintiff's complaint failed to meet this pleading requirement as to the futility of making a demand on the directors. The court finds this issue determinative of the motion without any need to consider the evidence offered by either side.[1] Therefore, the review of this motion is limited to the allegations of the complaint and the

---

[1] Even if the court considered the evidentiary submissions under the motion for summary judgment standard, the plaintiff failed to raise a genuine issue of material fact that a demand on the board was futile at the time he filed the complaint.

legal arguments of counsel.

At the hearing, the court asked plaintiff's counsel precisely where in the complaint were the allegations of demand futility. Counsel pointed the court to paragraph 13 of the complaint. That paragraph, in its entirety, reads:

> Upon information and belief, a request by the Plaintiff to HealthSouth Corporation to file a form 1120X/Claim for Refund of Taxes would be futile because of the fact that the Defendant corporation is a Defendant in the aforementioned civil action brought by the S.E.C. and such a request would be deemed an admission of guilt. HealthSouth Corporation is also a named defendant in several other civil actions brought by present and past shareholders and bondholders alleging defendant to have engaged in the same illegal conduct as alleged by the S.E.C. As such, Defendant HealthSouth Corporation can not make a claim for the tax refund without compromising its defenses in civil action number CV03-J-0615-S, as well as other civil actions recently filed against the Defendant corporation alleging violations of various Federal Securities Acts. Further, the present board of directors of HealthSouth Corporation can not effectively negotiate a settlement with the Internal Revenue Service for Tax refund because of the inherent conflict of interest.

Complaint, para. 13 (Doc. 1)

Whether these allegations meet the pleading requirements must be determined under Delaware law because HealthSouth is a Delaware corporation. *See, Stepak v. Addison*, 20 F.3d 398, 402 (11th Cir. 1994), citing *Kamen v. Kemper Financial Serv., Inc.,* 500 U.S. 90, 111 S. Ct. 1711, 1719, 114 L. Ed. 2d 152 (1991). Because shareholder derivative suits restrict a board of directors' management of the business and affairs of the corporation, Delaware law requires that an aggrieved shareholder first demand that the board take the desired action before filing suit. *Spiegel v. Buntrock*, 571 A. 2d 767, 773 (Del. 1990). The requirement of a demand "insure[s] that a stockholder exhausts his intra-corporate remedies, and . . . provide[s] a safeguard against

strike suits." *Aronson v. Lewis*, 473 A. 2d 805, 811-12 (Del. 1984). A pre-suit demand allows the board the chance to address the shareholder's concerns without litigation if it decides that the request is in the best interest of the corporation and its shareholders. *See Spiegel,* 571 A. 2d at 773. Alternatively, a shareholder may plead that making demand upon the board would be futile and such futility excuses the demand requirement. *Levine v. Smith*, 591 A. 2d 194, 200 (De. 1991).

The plaintiff argued in brief that the complaint met the liberal notice pleading requirements of the Federal Rules. However, Rule 23.1 clearly establishes a higher pleading requirement for shareholder derivative actions by requiring the plaintiff to allege "with particularity" the reasons why plaintiff did not make the effort to present the directors with a demand for action.

Both Fed. R. Civ. P. 23.1 and the virtually identical Delaware Chancery Rule 23.1 require the plaintiff in derivative actions to meet more stringent pleading requirements than the standard notice pleading. *See Stepak v. Addison,* 20 F.3d 398, 402 (11th Cir. 1994) ("The heightened pleading standard further reinforces the notion that a shareholder derivative suit is an extraordinary procedural device, 'to be used only when it is clear that the corporation will not act to redress the alleged injury to itself.'") (citing 7C Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1831, at 96 (1986)) (other citations omitted).

In *Stepak*, the Eleventh Circuit found that the plaintiffs satisfied the particularity standards under Delaware law, but "venture[d] no opinion as to whether 'with particularity' means something less exacting in federal courts than in Delaware courts, [or] whether the

4

particularity standard is governed by state or federal law." 20 F.3d at 402. Plaintiff has cited this court to no authority that "with particularity" means something different in Delaware than it means in federal law.

Federal Rule 23.1 is not the only procedural rule that veers from the general notice pleading practice. Rule 9(b) requires a plaintiff to plead allegations of fraud "with particularity." Eleventh Circuit cases interpreting that requirement in fraud cases shed light on how this court should evaluate "with particularity" in a derivative suit. The Eleventh Circuit has held that "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).[2] The court concludes that "with particularity" in Rule 23.1 requires the same standard. Thus, a plaintiff alleging demand futility must state "with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort." Fed. R. Civ. P. 23.1.

Delaware Chancery Court Rule 23.1 requires that a plaintiff "allege with particularity the

---

[2]*See also Dileo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990) ("Fed.R.Civ.P. 9(b) requires the plaintiff to state 'with particularity' any 'circumstances constituting fraud.' Although states of mind may be pleaded generally, the 'circumstances' must be pleaded in detail. This means the who, what, when, where, and how: the first paragraph of any newspaper story.").

efforts, if any, ... to obtain the action the plaintiff desires from the directors ... and the reasons for the plaintiffs failure to obtain the action or for not making the effort." The Delaware Supreme Court has held that to satisfy the requirements of Delaware Chancery Court Rule 23.1, the "'stockholder plaintiff[] must overcome the powerful presumptions of the business judgment rule' by alleging sufficient particularized facts to support an inference that demand is excused because the board is 'incapable of exercising its power and authority to pursue the derivative claims directly.'" *White v. Panic*, 783 A.2d 543, 551 (Del. 2001).

Because the standard for particularity under the federal rules and under Delaware law are so similar, the court finds that the results would be the same regardless of which standard governs. Because no true conflict exists, the court need not decide whether state or federal law controls. *See Stepak v. Addison*, 20 F.3d 398, 402 (11 th Cir. 1994) ("Because we conclude that the plaintiffs have satisfied the particularity standards even as they have been enunciated by the Delaware courts, we venture no opinion as to whether 'with particularity' means something less exacting in federal courts than in Delaware courts, nor do we decide whether the particularity standard is governed by state or federal law."). The wealth of Delaware case law, however, provides more guidance than is found in the Eleventh Circuit.

Further, the Supreme Court in *Kamen v. Kemper Financial Services, Inc.* held that Federal Rule 23.1 "does not create a demand requirement of any particular dimension." 500 U.S. 90, 96 (1991). Thus, the Eleventh Circuit concluded in *Stepak* that Delaware law governed the extent of the demand requirement because the defendant was a Delaware corporation. *Stepak*, 20 F.3d at 401 (citing *Kamen*, 500 U.S. at 96). Other circuits have embraced this reasoning and concluded that "the substantive requirements of demand are a matter of state law." *Blasband v.*

*Rales*, 971 F.2d 1034, 1046 (3rd Cir. 1993) (citing *Kamen*, 500 U.S. at 96); *Gonzalez Turul v. Rogatol Distributors, Inc.*, 951 F.2d 1 (1st Cir. 1991) (same).

    B.    Demand Futility

Under Delaware law, to determine whether a complaint has sufficiently set forth demand futility, the court must examine two related but distinct questions: (1) whether threshold presumptions of director disinterest or independence are rebutted by well-pleaded facts; and, if not, (2) whether the complaint pleads particularized facts sufficient to create a reasonable doubt that the challenged transaction was the product of a valid exercise of business judgment. *Levine v. Smith*, 591 A. 2d 194, 205 (Del. 1991); *Aronson v. Lewis*, 473 A. 2d 805, 814 (Del. 1984). For demand on the directors to be excused, after a factual review of the complaint, the court "must be satisfied that a plaintiff has alleged facts with particularity which, taken as true, support a reasonable doubt" as to a director's interest or independence or that the challenged transaction resulted from a valid exercise of business judgment. *Aronson*, 473 A. 2d at 814. The Delaware Supreme Court explained that the second step of the *Aronson* test does not apply when the plaintiff sues the directors for failing to take some action. *Rales v. Blasband*, 634 A.2d 927, 933, 934 n.9 (Del. 1993).

The plaintiff in this case does not challenge any action or decision by the HealthSouth board of directors. Instead, he alleges that HealthSouth has failed to seek a refund of taxes overpaid on inflated earnings. Under the *Rales* standard, the court must determine whether the complaint's particularized allegations "create a reasonable doubt that, as of the time the complaint was filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand." *Rales*, 634 A.2d at 934. A director

7

is interested if he will be materially affected, either beneficially or detrimentally, by a decision of the board in a way not shared by the corporation or shareholders. 634 A.2d at 936. The "mere threat" of personal liability does not render a director interested; however, a "substantial likelihood" of personal liability prevents a director from impartially considering a demand. 634 A.2d at 936, citing *Aronson*, 473 A.2d at 815. Even if a director has no personal interest in a decision, his discretion must also be free from the influence of other interested persons. 634 A.2d at 936. If a director can base his decision "on the corporate merits of the subject before the board rather than extraneous considerations or influences," then a director is considered independent. *Aronson*, 473 A.2d at 816.

      In this case, the complaint references various litigation involving HealthSouth, including the Securities and Exchange Commission civil lawsuit and the shareholders and bondholders lawsuits, which allege violations of various securities laws. (Comp. at 4). In his brief, plaintiff argues that the corporation and the entire board face conflicts of interest if they act to seek a refund of taxes paid on allegedly inflated earnings. Plaintiff argues: "If in fact the board authorizes the filing of a Claim for Refund and files same, it has admitted to the wrongdoings of the corporation, not only with regard to the civil lawsuits which have been filed, the S.E.C. lawsuit, which is filed, but it also would be an admission of guilt under Internal Revenue Code § 7206(1)." Plaintiff's "Brief in Opposition to Motion for Summary Judgment" at 7 (Doc. 46). Plaintiff's argument that demand should be excused because filing a request for a refund would be an admission of guilt and thus a breach of the board's fiduciary duty is logically inconsistent. The plaintiff provided no authority that his filing of an amended tax return for the company would not also constitute an admission.

Plaintiff argues that these lawsuits against HealthSouth and the potential "admission of guilt" of a refund request are "extraneous considerations or influences" that defeat the board's independence, as explained in *Aronson*, 473 A.2d at 816. See Plaintiff's Brief at 5. The court disagrees. The fiduciary obligations that the board owes the corporation and its shareholders require that it consider all possible ramifications of board action on the interests of the corporation and its shareholders. The "extraneous considerations and influences" that cause a board as a whole or an individual director to lose independent judgment are those factors or considerations that benefit or cause detriment to the individual director or perhaps the board as a whole that are not shared by the corporation or its shareholders in general. *Rales*, 634 A.2d at 936. The morass of considerations inherent with the decision of whether to seek a refund of taxes paid on allegedly inflated earnings causes this issue to be one particularly suited to resolution by the board of directors – not one individual shareholder. These factors support the basic presumption of Delaware law that an aggrieved shareholder first demand that the board take action. *See Spiegel*, 571 A.2d at 773.

The plaintiff relies on *In re Cendant Corp. Derivative Action Litigation*, 189 F.R.D. 117 (D. N.J. 1999) for the proposition that demand may be excused by extraordinary conditions. Plaintiff's Brief at 9. A major difference exists between the complaint in *Cendant* and the plaintiff's complaint here: the *Cendant* complaint identified by name more than half of the directors and specifically listed wrongful actions by those directors. The court found that complaint created "a reasonable doubt of the disinterestedness or independence" of those directors at the time the complaint was filed. 189 F.R.D. at 129. Moreover, the derivative action in *Cendant* directly challenged various actions by the directors, including insider trading and self-

dealing that resulted in a merger. 189 F.R.D. at 123-124.

The complaint in this case, however, does not even identify who the directors were at the time the complaint was filed or provide any basis for the court to evaluate their independence. The complaint fails to set out with particularity why a demand would be futile or why the directors cannot make an independent decision as to the best course of action to take as fiduciaries. Vague and conclusory allegations do not meet the heightened pleading standard of Rule 23.1. *See In Re Abbott Labs. Derivative Shareholders Litig.*, 325 F.3d 795, 804 (7th Cir. 2001) (finding that is not sufficient for the shareholder to simply state "in conclusory terms that he made no demand because it would have been futile") (citation omitted).

The complaint also fails to raise particularized allegations that "create a reasonable doubt that, as of the time the complaint [was] filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand." *Rales v. Blasband*, 634 A.2d 927, 934, n.9 (Del. 1993). The court, thus, finds that the complaint fails to allege "with particularity" why a demand on the directors of HealthSouth to file amended tax returns would have been futile at the time the complaint was filed. In light of the fact that a shareholder derivative suit is an extraordinary remedy, failure to meet the pleading requirements of Rule 23.1 necessitates dismissal of plaintiff's complaint.

Although this court usually grants leave to amend when dismissing a complaint for pleading inadequacies, the court gave the plaintiff ample opportunity prior to the hearing to submit anything that would support the allegations of futility of demand. The plaintiff failed to present any such evidence or to sufficiently elaborate on the allegations in the complaint. The court thus concludes that allowing the plaintiff to amend the complaint at this point would be

futile. However, the dismissal of plaintiff's complaint will be without prejudice in case he presents a demand to the board that is rejected and he can plead in a subsequent case that the rejection of his demand was wrongful.[3]

DONE and ORDERED this 15th day of July, 2003.

/s/ Karon O. Bowdre
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[3]This statement should not be taken as any indication one way or the other as to this court's view on the merits of plaintiff's claim that a tax refund should be sought on behalf of HealthSouth. This decision does not address the merits of that argument, but instead holds that the complaint fails to comply with pleading prerequisites to suit.

11